51 So.3d 1181 (2010)
A.B.S., Appellant,
v.
STATE of Florida, Appellee.
No. 2D10-273.
District Court of Appeal of Florida, Second District.
December 29, 2010.
James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant *1182 Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
A.B.S., a juvenile, seeks review of an order withholding adjudication and placing him on four months of probation for possession of a controlled substance. A.B.S. admitted to the charge while reserving the right to appeal the denial of his motion to suppress. Because the search of A.B.S.'s person was not supported by a legal basis, we reverse.
A.B.S. was taken into custody as a possible runaway in need of services pursuant to section 984.13, Florida Statutes (2009). The officer who took A.B.S. into custody stated that, at a minimum, he was going to take A.B.S. home. Before the officer placed A.B.S. inside his police cruiser, he handcuffed and searched A.B.S. as was his practice. During the search, the officer retrieved a set of keys from the right, front pocket of A.B.S.'s pants. The keychain had an aluminum screw-top container on it that the officer stated was of the type commonly used to store illegal drugs. The officer shook the container, and it rattled in a way that made the officer suspect there were pills inside. The officer then opened the container and discovered a controlled substance. The officer acknowledged that he did not conduct a pat down before reaching into A.B.S.'s pocket.
We reverse the denial of A.B.S.'s motion to suppress the contents of the container because the officer did not have a legal basis to search A.B.S.'s person before transporting him in his cruiser. See L.C. v. State, 23 So.3d 1215, 1218 (Fla. 3d DCA 2009). Circumstances that allow a juvenile to be taken into custody under section 984.13 are not crimes; therefore, the search incident to arrest exception to the warrant requirement does not apply. Id.
Further, in this case the officer had no indication that A.B.S. was in possession of either a weapon or contraband when he searched A.B.S. He admitted that he searched A.B.S. solely because it was his policy to search people before transporting them in his cruiser. As the Third District noted in L.C., "Although we appreciate the concern of officer safety, we are aware of no case that stands for the proposition officers can search an individual without having performed a pat-down simply because the individual is being placed in a police vehicle." Id. at 1219. Because the search was conducted without a legal basis, the trial court erred in denying the motion to suppress.
Reversed and remanded.
DAVIS and BLACK, JJ., Concur.